## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APRIL AND NORMAN HOLMES, W/H | : | |
| *Plaintiffs,* | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| WHITELAND INVESTORS, LP | : | |
| and | : | |
| BPG MANAGEMENT COMPANY, LP | : | |
| *Defendants.* | : | **ARBITRATION CASE** |

### CIVIL ACTION COMPLAINT

**I.  PRELIMINARY STATEMENT**

1. This is a claim against the Defendants, Whiteland Investors, LP and BPG Management Company, LP, for personal injuries caused to Plaintiff, April Holmes, by the negligent acts and/or omissions of the Defendants and their respective agents, servants, employees, workmen and/or representatives.

**II.  PARTIES**

2. Plaintiffs, April and Norman Holmes, W/H, are adult individuals and citizens of the State of New Jersey, residing therein at 150 West Avenue, Apt. 416, Woodstown, NJ 08098.

3. Defendant, Whiteland Investors, LP, was and is now a business entity, believed to be a limited partnership, duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located therein at 301 Oxford Valley Road, Suite 1203A, Yardley, PA 19067.

4. Defendant, BPG Management Company, LP, was and is now a business entity, believed to be a limited partnership, duly organized and existing under the laws of the

Commonwealth of Pennsylvania, with a principal place of business located at the above-captioned address.

5. At all times relevant hereto, the Defendants acted by and through their respective trustees, directors, agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of Defendants.

6. At all times material herein, the Defendants, by and through their respective trustees, directors, agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment, agency and/or service with the Defendants, owned, operated, controlled, leased, inspected, possessed, managed and/or maintained the premises known as Whiteland Towne Center, located at 229 Lincoln Highway, Exton, PA 19341.

7. On or about October 31, 2014, and for a long time prior thereto, it was the duty of the Defendants, by and through their respective trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the premises known as Whiteland Towne Center, located at 229 Lincoln Highway, Exton, PA 19341, in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff, April Holmes.

### III. JURISDICTION AND VENUE

8. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

9. The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the acts or omissions giving rise to the within claims occurred within the district and because Defendant is subject to personal jurisdiction within the district.

## COUNT I
## APRIL HOLMES v. WHITELAND INVESTORS, LP
## NEGLIGENCE – PREMISES LIABILITY

11. Plaintiff hereby incorporates by reference paragraphs one (1) through ten (10) of the within Complaint as though the same were fully set forth at length herein.

12. On or about October 31, 2014, Plaintiff, April Holmes, was lawfully walking on the sidewalk on the aforesaid premises known as Whiteland Towne Center when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition of the aforementioned premises, Plaintiff tripped on an uneven and/or broken portion of the sidewalk, thereby causing the Plaintiff to fall and sustain various severe and permanent bodily injuries and losses as more fully set forth herein.

13. The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, Whiteland Investors, LP, by and through its agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment, generally and in the following particular respects:

   (a) carelessly and negligently allowing the sidewalk located on the aforesaid premises to be kept in a dangerous condition so as to cause injury to the Plaintiff;

   (b) carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

   (c) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the Defendant's premises;

(d) failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(e) failing to adequately and timely repair defects to the aforesaid premises;

(f) failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

(g) failing to warn people lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition;

(h) otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel;

(i) negligence by virtue of the doctrine of *respondeat superior*; and

(j) negligence by virtue of the doctrine of *res ipsa loquitor*.

14. Plaintiff, April Holmes, in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

15. As a result of the aforesaid negligence of the Defendant, Plaintiff, April Holmes, suffered severe injuries, including, but not limited to, right foot fifth metatarsal fracture, right foot first metatarsal fracture, and edema, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

16. As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

17. As a further result of the aforesaid accident, Plaintiff, April Holmes, has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

18. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

19. As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

20. As a further result of the accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

21. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, April Holmes, demands judgment in her favor and against Defendant, Whiteland Investors, LP, in an amount not in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT II
### APRIL HOLMES v. BPG MANAGEMENT COMPANY, LP
### NEGLIGENCE – PREMISES LIABILITY

22. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-one (21) of the within Complaint as though the same were fully set forth at length herein.

23. On or about October 31, 2014, Plaintiff, April Holmes, was lawfully walking on the sidewalk on the aforesaid premises known as Whiteland Towne Center when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition of the

aforementioned premises, Plaintiff tripped on an uneven and/or broken portion of the sidewalk, thereby causing the Plaintiff to fall and sustain various severe and permanent bodily injuries and losses as more fully set forth herein.

24. The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, BPG Management Company, LP, by and through its agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment, generally and in the following particular respects:

(a) carelessly and negligently allowing the sidewalk located on the aforesaid premises to be kept in a dangerous condition so as to cause injury to the Plaintiff;

(b) carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

(c) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the Defendant's premises;

(d) failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(e) failing to adequately and timely repair defects to the aforesaid premises;

(f) failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

(g) failing to warn people lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition;

(h) otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel;

(i) negligence by virtue of the doctrine of *respondeat superior*; and

(j) negligence by virtue of the doctrine of *res ipsa loquitor*.

25. Plaintiff, April Holmes, in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

26. As a result of the aforesaid negligence of the Defendant, Plaintiff, April Holmes, suffered severe injuries, including, but not limited to, right foot fifth metatarsal fracture, right foot first metatarsal fracture, and edema, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

27. As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

28. As a further result of the aforesaid accident, Plaintiff, April Holmes, has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

29. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

30. As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

31. As a further result of the accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

32. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, April Holmes, demands judgment in her favor and against Defendant, BPG Management Company, LP, in an amount not in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT III
## NORMAN HOLMES v. ALL DEFENDANTS
## LOSS OF CONSORTIUM

33. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-two (32) of the within Complaint as though the same were fully set forth at length herein.

34. As a further result of the incident described herein, Plaintiff, Norman Holmes, has suffered the loss of earnings, society, consortium and services of his wife, Plaintiff April Holmes, to which he is legally entitled.

35. As a further result of the incident described herein, Plaintiff, Norman Holmes, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which his wife has suffered by reason of the Defendants' negligence, and he may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Norman Holmes, demands judgment in his favor and against Defendants, Whiteland Investors, LP and BPG Management Company, LP, in an amount not in

excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

                Respectfully,

                **SWARTZ CULLETON PC**

By: _____
                Brandon A. Swartz, Esquire
                Larissa K. Staszkiw, Esquire
                547 E. Washington Avenue
                Newtown, PA 18940
                T: (215) 550-6553
                F: (215) 550-6557
                Attorneys for Plaintiffs,
                April and Norman Holmes, W/H

Date: April 13, 2016